### Ex parte William Matthew ROBINSON, Appellant.

No. 1294–02.

Court of Criminal Appeals of Texas.

Oct. 1, 2003.

---

7. *Jackson,* 992 S.W.2d at 479.

Colin B. Amann, Houston, for Appellant.

Dan McCrory, Asst. DA, Houston, Matthew Paul, State's Atty., Austin, for State.

## *OPINION*

KEASLER, J., delivered the opinion of the Court.

William Matthew Robinson is required to register as a sex offender under our state's sex offender registration program (SORP) and was prosecuted for failing to comply. He argues that the SORP statutes violate procedural due process and constitutes cruel and unusual punishment. We reject both arguments.

### Facts

Robinson was charged with sexual assault of a child in May, 1996. The trial court deferred an adjudication of guilt and placed him on community supervision for eight years. He was required to register as a sex offender at that time, and he did so. In 1997, the court adjudicated Robinson guilty and sentenced him to two years in prison. Robinson served his entire sentence and was discharged in January 1999, without being placed on parole or mandatory supervision. He violated the SORP in December of 2000 by changing his address without notifying the proper authorities.

### Procedural History

Robinson was charged with failing to comply with the SORP. He filed a pretrial

application for writ of habeas corpus in the trial court arguing that the SORP statutes, found in Code of Criminal Procedure Art. 62.01, *et. seq.*, are facially unconstitutional and as applied to him. He claimed, among other things, that the SORP statutes violate procedural due process by failing to distinguish between dangerous and non-dangerous offenders and that it constitutes cruel and unusual punishment.

The trial court held a hearing and denied relief. Robinson appealed, and the Court of Appeals affirmed the trial court's ruling.[1] The Court of Appeals rejected Robinson's procedural due process claim because it concluded that he failed to establish that he had a protected liberty interest.[2] It also held that the SORP's purpose was not punitive so it did not constitute cruel and unusual punishment.[3] We granted Robinson's petition for discretionary review to review both of these holdings.

### Analysis

#### Procedural Due Process

■ Procedural due process questions are traditionally examined in two steps.[4] The first question is "whether there exists a liberty or property interest which has been interfered with by the State."[5] If so, the next question is "whether sufficient procedural safeguards are employed to as-sure the deprivation of that interest is not arbitrary."[6]

■ Although we granted review to determine whether Robinson has a protected liberty interest, the United States Supreme Court recently decided that this inquiry is irrelevant in a case like this one. In *Conn. Dep't Of Pub. Safety v. Doe,*[7] a convicted sex offender presented a procedural due process challenge to a sex offender registration statute, arguing that he had a liberty interest and that he was entitled to a hearing to establish his non-dangerousness. The Court concluded that it was "unnecessary to reach [the first] question ... because even assuming, *arguendo,* that respondent has been deprived of a liberty interest, due process does not entitle him to a hearing to establish a fact that is not material...."[8] The Court held that "the fact that respondent seeks to prove—that he is not currently dangerous—is of no consequence under Connecticut's Megan's Law."[9] The Court explained that "even if respondent could prove that he is not likely to be currently dangerous, Connecticut has decided that the registry information of all sex offenders—currently dangerous or not—must be publicly disclosed."[10]

The Texas statute, like the Connecticut one, requires registration of all sex offenders, dangerous or not.[11] Robinson con-

---

1. *Ex parte Robinson,* 80 S.W.3d 709 (Tex. App.-Houston [1st Dist.] 2002).

2. *Id.* at 714–15.

3. *Id.* at 715.

4. *Kentucky Dep't. of Corrections v. Thompson,* 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989); *Ex parte Montgomery,* 894 S.W.2d 324, 327 (Tex.Crim.App.1995).

5. *Thompson,* 490 U.S. at 460, 109 S.Ct. 1904; *Montgomery,* 894 S.W.2d at 327.

6. *Montgomery,* 894 S.W.2d at 327.

7. 538 U.S. 1, ——, 123 S.Ct. 1160, 1164, 155 L.Ed.2d 98 (2003).

8. *Id.*

9. *Id.*

10. *Id.*

11. *See* Arts. 62.01, 62.02, 62.10.

cedes this and argues that this is the very flaw with the SORP—that it does not distinguish between dangerous and non-dangerous offenders. He seeks a hearing to establish that he is not dangerous. This is the same argument that Doe made [12] and, like Doe, Robinson specifically limits his argument in this Court to one of procedural due process, not substantive due process. As the Supreme Court explained, there is no right to establish facts that are irrelevant under the statutory scheme.[13] And we need not address the issue of substantive due process because it is not before us.[14]

Like the United States Supreme Court, we conclude that it is unnecessary to decide whether Robinson has a protected liberty interest because, even if he does, the information he seeks to prove is irrelevant under the SORP. We overrule Robinson's first ground for review.

### Cruel and Unusual Punishment

■ In his second ground for review, Robinson claims the SORP imposes cruel and unusual punishment because it requires registration from people who are not on probation or parole and it penalizes conduct in violation of the proportionality doctrine. The court below rejected both contentions because it found that the purpose of the SORP statutes are non-punitive.[15] With no punishment, there could be no cruel and unusual punishment.

Robinson argues that, even if the purpose of the SORP statutes are non-punitive, this Court must still consider whether its effects are punitive by applying the factors set forth by the Supreme Court in *Kennedy v. Martinez–Mendoza*.[16] In that case, the Supreme Court set forth the so-called "intent-effects test," under which courts consider whether a statute's intent is punitive, and if not, whether its effect is.[17] Robinson relies on *Doe v. Otte*[18] as support, in which the Ninth Circuit found Alaska's SORP unconstitutional by applying the *Kennedy* factors, even though the statute's intent was non-punitive. But the Supreme Court reversed this holding after Robinson's brief was filed.[19] The Supreme Court held that the Alaska statute's effect is non-punitive.[20]

■ Robinson is correct that the Court of Appeals should have applied the *Kennedy* factors and determined whether the SORP's effect is punitive.[21] But he is incorrect about the result of that application. As the State points out, Robinson ignores the fact that we have already thoroughly applied the *Kennedy* factors to the 1997 version of the SORP and found it non-punitive in effect.[22] The only question here is whether the 1999 amendments to the SORP somehow changed the result of that analysis. Robinson points to nothing, and we have found nothing in the amend-

---

**12.** *See Doe v. Lee,* 132 F.Supp.2d 57, 59 (D.Conn.2001); *Doe v. Dep't of Pub. Safety,* 271 F.3d 38, 41–43 (2d Cir.2001).

**13.** *See Conn. Dep't Of Pub. Safety v. Doe,* 538 U.S. at ——, 123 S.Ct. at 1164.

**14.** *See id.* at 1165.

**15.** *Robinson,* 80 S.W.3d at 715.

**16.** 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963).

**17.** *See Rodriguez v. State,* 93 S.W.3d 60, 67–68 (Tex.Crim.App.2002).

**18.** 259 F.3d 979 (9th Cir.2001).

**19.** *See Smith v. Doe et al.,* 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003).

**20.** *Id.* at 1149.

**21.** *See Rodriguez,* 93 S.W.3d at 67–68.

**22.** *Id.* at 69–79.

ments, that would alter our *Rodriguez* analysis.

We conclude that the 1999 version of the SORP, like the 1997 version, is non-punitive in both intent and effect. As a result, it does not constitute cruel and unusual punishment. Robinson's second ground for review is overruled.

## Conclusion

Having rejected Robinson's grounds for review, we affirm the judgment of the Court of Appeals.