Dale Garland Thompson v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-318-CR

DALE GARLAND THOMPSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 211
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

The trial court convicted Appellant Dale Garland Thompson of failure to register as a sex offender and, upon his plea of true to the enhancement paragraphs, sentenced him to sixty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant brings four points on appeal, arguing that the Texas sex offender registration statute violates the Due Process Clause and the Ex Post Facto Clause of the federal and state constitutions, that the sentence constituted cruel and unusual punishment, and that the evidence is legally and factually insufficient to support his conviction.  Because we hold that the trial court did not err and that the evidence is legally and factually sufficient to support Appellant's conviction, we affirm the trial court’s judgment.

I. Constitutionality of the Sex Offender Registration Statute

A. Due Process and Equal Protection Claims

In his first point, Appellant challenges the constitutionality of the Texas sex offender registration statute, arguing that it violates the Due Process Clause of both the Fifth and Fourteenth Amendments to the United States Constitution and article 1.05 of the Texas Code of Criminal Procedure.  He argues that the statute violates his due process rights because (1) it requires notification without any preliminary determination that he constitutes a continuing threat to society; (2) it does not restrict the dissemination of information to law enforcement services only; and (3) it does not provide a procedural mechanism to exempt Appellant.  He also argues that the statute improperly delegates to the government the decision regarding what information about Appellant to release to the public without guidance or limitation on the government’s power to release it.  Additionally, Appellant argues that at the time he was tried, the statute had not been enacted; therefore, he contends he had no opportunity to be heard on the issue of whether he should be required to register as a sex offender before he was required to register.  Finally, he argues an equal protection violation.  On the basis of these contentions, Appellant argues that the trial court erred in denying his motion to dismiss.

As the State points out, this court has previously held that when a trial court's ruling on a motion to dismiss results in a constitutional violation, the reviewing court must apply a de novo standard of review.
(footnote: 2)  This is so because the trial court is not called upon to make any determinations of credibility but is ruling on pure questions of law.
(footnote: 3)
 This court has also previously addressed similar contentions that the sex offender registration statute violates due process.  In the case now before this court, we note that Appellant received actual notice, or the reasonable probability of notice, of his obligation to register under the statute.  Although Appellant was not informed of his obligation to register at the time of his conviction, he was notified of the registration requirement before his release from incarceration.  Nevertheless, he failed to register.  For the reasons recently stated by the Texas Court of Criminal Appeals in 
Ex parte Robinson
(footnote: 4) and by this court in 
In re M
.
A
.
H
.,
(footnote: 5) we overrule Appellant’s first point on appeal.

B.  Ex Post Facto Claims

In Appellant's second point, he complains that the statute violates the Ex Post Facto Clause of the federal and state constitutions.  This issue has also been previously decided against Appellant.  In 
Rodriguez v. State
, the Texas Court of Criminal Appeals held that the Texas statute does not violate ex post facto principles.
(footnote: 6)  Relying on the mandatory precedent established by the 
Rodriguez
 court, we overrule Appellant’s second point on appeal.

C.  Cruel and Unusual Punishment Claims  

In his third point on appeal, Appellant argues that his sixty-year sentence constitutes cruel and unusual punishment.  We address his argument under the parameters of 
Ray v. State
.
(footnote: 7)
 As the State correctly points out, Texas courts have traditionally held that as long as the punishment is within the range prescribed by the Texas Legislature, the punishment is not excessive, cruel, or unusual.
(footnote: 8)  As the State further points out, a narrow exception to this rule has been created for the situation in which the sentence is grossly disproportionate to the offense.
(footnote: 9)  The range of punishment for failure to register as a sex offender is two to ten years.
(footnote: 10)  Sixty years is far in excess of that range of punishment.  

Appellant, however, had previously been convicted of felony offenses.  His punishment, then, was dictated not merely by his failure to register but also  by his status as an habitual offender.  The record reflects that Appellant had been previously convicted of three felony offenses.  It also reflects that he pled true to the enhancement paragraphs contained in the indictment.  Appellant does not challenge the habitual offender scheme.

Applying the appropriate tests, we hold that Appellant’s sentence as an habitual offender who failed to register as a sex offender does not constitute cruel and unusual punishment.  We overrule Appellant’s third point on appeal.

II.  Legal and Factual Sufficiency of the Evidence

In his fourth point on appeal, Appellant argues the evidence is legally and factually insufficient to show that he resided or intended to reside in Denton,  Texas, for more than seven days without reporting to the local law enforcement authority.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the judgment in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
(footnote: 11)  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.
(footnote: 12)  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.
(footnote: 13)
 In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.
(footnote: 14)  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.
(footnote: 15)  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the judgment, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.
(footnote: 16)  In performing this review, we are to give due deference to the fact finder’s determinations.
(footnote: 17)  We may not substitute our judgment for that of the fact finder’s.
(footnote: 18)  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.
(footnote: 19)
A proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.
(footnote: 20)
 Appellant was convicted of indecency with a child in 1991.  In 2001, he was released on mandatory supervision and informed of the requirements of sex offender registration.  Although the terms of his parole required Appellant to live in Beaumont, Texas, Denton resident Mickey Thomas testified that Appellant had been in Denton for approximately two and a half weeks at the time he was arrested.  Thomas admitted on cross-examination that he could not be sure exactly how long Appellant had been in Denton before he was arrested and that it could have been less than two weeks.  Appellant disputed Thomas’s approximation of the length of time he had been in Denton.  Appellant had stayed at Thomas’s home and that of William Bell, three blocks away from Thomas’s and still in Denton, Texas.

The State offered evidence that Appellant had not registered as a sex offender at the Denton Police Department as required.  Because Appellant had moved to Denton without his parole officer’s permission, a parole warrant issued and was the basis of Appellant’s arrest in Denton, Texas.  When Appellant was arrested on February 1, 2002, he wrote a statement in which he admitted that he had arrived in Denton on January 17, 2002, and that he intended to live in Denton where he could have the support of his friends and family.  He concluded his statement with the words, “I Want 
My
 
Life
 
Back
 and to be Home in Denton for My Family and Be A Productive Citizen Again.”

At trial, Appellant testified that he intended to make the parole officer let him live in Denton.  He testified that he wanted to be around his friends and family and that Denton was his home.  He repeated essentially the same sentiments on cross-examination, saying, “This is my home, and there was no reason why I can’t be here.”  He admitted that he had inquired about getting work in Denton and that he had cut off his ankle monitor.

Applying the appropriate standards of review, we hold that the evidence is legally and factually sufficient to support Appellant’s conviction.  We overrule Appellant’s fourth point on appeal.

III.  Conclusion

Having overruled Appellant’s four points on appeal, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 11, 2003

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Clarke v. State
, 928 S.W.2d 709, 713 (Tex. App.—Fort Worth 1996, pet. ref’d) (op. on reh'g).

3:
Guzman v. State
, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997).

4:
116 S.W.3d 794, 796-97 (Tex. Crim. App. 2003) (holding that procedural due process does not entitle a person to a hearing on an irrelevant issue and that current dangerousness is irrelevant under the sex offender statute).

5:
20 S.W.3d 860, 863-66 (Tex. App.—Fort Worth 2000, no pet.).

6:
93 S.W.3d 60, 79 (Tex. Crim. App. 2002).

7:
No. 2-02-312-CR, slip op. at 10, 2003 WL 22251432, at *3 (Tex. App.—Fort Worth Oct. 2, 2003, pet. filed).

8:
See, e.g., Alvarez v. State
, 63 S.W.3d 578, 580 (Tex. App.—Fort Worth 2001, no pet.).

9:
See id
.

10:
Tex. Penal Code Ann
. § 12.34(a) (Vernon 2003).

11:
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).

12:
Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.

13:
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

14:
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).

15:
Johnson
, 23 S.W.3d at 11. 

16:
Id.
 

17:
Id.
 at 8-9; 
Clewis, 
922 S.W.2d at 136.

18:
Johnson
, 23 S.W.3d at 12.

19:
Id.
 at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

20:
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).