Affirmed and Memorandum Opinion filed May 27, 2004









Affirmed and Memorandum Opinion filed May 27, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00196-CR

____________

 

LARRY
LEONARD HERRON, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

 

___________________________________________________

 

On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 916,850

 

___________________________________________________

 

M E M O R A N D U M   O P I N I O N








Appellant Larry Leonard Herron
pleaded no contest to the felony offense of failure to comply with sex offender
registration requirements.  Pursuant to a
plea agreement, the trial court found appellant guilty and sentenced him to six
years=
confinement.  On appeal, appellant
contends: (1) the registration requirement for a person convicted of sexual
assault before the adoption of the Sex Offender Registration Program (ASORP@)
violates the Double Jeopardy Clause of the Fifth Amendment; and (2) the SORP is
unconstitutional as applied to appellant as an ex post facto law in violation
of Article I, Section 9 of the United States Constitution.[1]


I.  Factual Background








After pleading guilty, appellant
was convicted of aggravated sexual assault of a child on October 20, 1987, and
sentenced to twelve years=
confinement.  Appellant was either
incarcerated or under court supervision in 1997, when the SORP was
amended.  In the 1997 amendment, the
class of offenders required to register was expanded to include individuals
with a reportable conviction[2]
occurring on or after September 1, 1970, that were either confined in a penal
institution, or were under the supervision and control of a juvenile probation
office, a community supervision and corrections department, or the pardons and
paroles division of the Texas Department of Criminal Justice on or
after September 1, 1997.[3]  In accordance with the sex offender
registration laws, appellant originally registered with the Houston Police
Department on October 25, 2001, listing his residence at a Texas Department of
Corrections half-way house.  Appellant
left the half-way house for an unknown location on February 25, 2002, and a
parole violation warrant was issued for his arrest.  Appellant was indicted for intentionally
failing to register under the SORP on or about July 1, 2002.  In a hearing on February 12, 2003, the trial
court found appellant guilty and sentenced appellant to six years=
confinement as agreed by the parties. 
Although the plea agreement specifically stated that appellant waived
his right to appeal, the trial court signed a certification of defendant=s right
to appeal and stated on the record that the court would allow an appeal of the
conviction for failing to register. 

II.  Discussion

In his second and third issues,
appellant contends that requiring him to register as a sex offender for a crime
committed before the adoption of the SORP is unconstitutional because it
violates the Double Jeopardy Clause and is an ex post facto law as applied to
him.[4]

A.  Appellant=s Ex Post Facto Claim








Enforcement of the sex
offender registration requirements enacted through the SORP after appellant
committed his sexual assault does not violate appellant=s constitutional
rights. The Texas Constitution provides that: ANo . . . ex post
facto law, retroactive law, or any law impairing the obligation of contracts,
shall be made.@  Tex.
Const. art. I, ' 16.  An ex post facto law is one that: (1)
punishes as a crime conduct previously committed, which was innocent when done;
(2) makes more burdensome the punishment of a crime after its commission; (3)
deprives one charged with a crime of any defense available at the time when the
act was committed; or (4) alters the legal rules of evidence, and receives less
or different testimony, than the law required at the time of the commission of
the offense in order to convict the offender. 
Carmell v. Texas, 529 U.S. 513, 522B25, 120 S. Ct.
1620, 1627B29, 146 L. Ed. 2d
577 (2000); Collins v. Youngblood, 497 U.S. 37, 42, 110 S. Ct. 2715,
2719, 111 L. Ed. 2d 30 (1990); Ex Parte Davis, 947 S.W.2d 216, 219B20 (Tex. Crim.
App. 1996); Dean v. State, 60 S.W.3d 217, 219B20 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d). Legislatures
cannot retroactively alter the definition of crimes or increase the punishment
for criminal acts.  Collins, 497
U.S. at 43.  

Appellant argues the SORP
is unconstitutional as applied to him because it imposes an additional punitive
measure, the requirement to register for life, to an offense committed well
before the SORP was enacted.  The SORP
effectively violates ex post facto prohibitions in the United States
Constitution if the following two questions are answered affirmatively: (1) Do
they apply retrospectively to appellant?; and (2) Do they constitute
punishment?  See Dean, 60 S.W.3d
at 220.  Clearly the SORP was applied retrospectively;
therefore, the determinative issue is whether the SORP and its amendments are
punitive in nature or merely regulatory. 
Id.  This court conducted a
thorough analysis of the SORP in Dean and determined that the
registration requirement was intended to be remedial in nature and not
punitive.  See id. at 221B22.  Because the SORP was enacted for the
advancement of the public welfare, it does not impose punishment for
constitutional purposes and is not susceptible to an ex post facto claim.  Id. at 225; Rodriguez v. State,
45 S.W.3d 685, 689 (Tex. App.CFort Worth 2001), aff=d, 93 S.W.3d 60
(Tex. Crim. App. 2002);[5] Saldana v. State, 33 S.W.3d 70, 71B72 (Tex. App.CCorpus Christi 2000,
pet. ref=d).  Accordingly, we find no merit in appellant=s ex post facto
argument.








B.  Appellant=s Double
Jeopardy Claim

The Fifth Amendment guarantee against double jeopardy protects
against (1) a second prosecution for the same offense following conviction; (2)
a second prosecution for the same offense following acquittal; and (3) multiple
punishments for the same offense.  Illinois v. Vitale, 447 U.S. 410, 415, 100
S. Ct. 2260, 2264, 65 L. Ed. 2d 228 (1980); Cervantes v.
State, 815 S.W.2d 569, 572 (Tex. Crim. App. 1991).  The double jeopardy guarantee against
multiple punishments for the same offense does no more than prevent greater
punishment than the legislature intended.  Missouri v. Hunter, 459 U.S. 359, 366, 103
S. Ct. 673, 678, 74 L. Ed. 2d 535 (1983); Ex Parte Kopecky, 821 S.W.2d
957, 959 (Tex. Crim. App. 1992). 
However, because we have held that sex offender registration in Texas is
not punishment, in keeping with our opinion in Dean and Texas Court of
Criminal Appeals precedent, appellant=s double jeopardy
claim is without merit.  See Ex Parte
Robinson, 80 S.W.3d 709, 715 (Tex. App.CHouston [1st
Dist.] 2002) (stating the provisions of the SORP do not constitute punishment),
aff=d, 116 S.W.3d 794, 798 (Tex. Crim. App. 2003).[6]  Accordingly, appellant=s second and third
issues are overruled.

The judgment of the trial court is affirmed.

 

/s/        Eva
M. Guzman

Justice

 

Judgment rendered and Memorandum
Opinion filed May 27, 2004.

Panel consists of Chief Justice
Hedges, and Justices Frost and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  Appellant also contends he is entitled
to appeal the trial court=s judgment because the trial judge
specifically stated on the record that he would have the right to appeal and
also signed a ATrial Court=s Certification of Defendant=s Right to Appeal@ granting him this right.  Although these two actions by the trial judge
conflict with the judgment signed on the same date, we findCand the State concedesCthat appellant has the right to
appeal.  This is consistent with the
Court of Criminal Appeals= recent holdings.  See Willis v. State, 121 S.W.3d 400,
403 (Tex. Crim. App. 2003) (holding a trial court=s handwritten permission to appeal
controls over defendant=s previous waiver of the right to
appeal); Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003)
(reaffirming that absent consent from trial court, valid waiver of appeal will
prevent defendant from maintaining appeal). 





[2]  Aggravated
sexual assault of a child is one of the reportable convictions.  See Tex.
Code Crim. Proc. Ann. art. 62.01(5)(A) (Vernon Supp. 2004).





[3]  Act of June
13, 1997, 75th Leg., R.S., ch. 668, ' 11,
1997 Tex. Gen. Laws 2253, 2264; see also Rodriguez v. State, 45 S.W.3d
685, 689 (Tex. App.CFort Worth 2001), aff=d,
93 S.W.3d 60 (Tex. Crim. App. 2002).





[4]  The State
claims that appellant waived these claims by failing to object at the trial
court level.  However, appellant=s broad exception at trial alludes to both a double
jeopardy and ex post facto claim. Appellant stated: 

 

At this time I would like to object to the State
prosecuting Mr. Herron for failure to comply with registration as a sex
offender for the following reasons: First of all, when Mr. Herron originally
pled guilty to the offense of . . . aggravated sexual assault of a child, he
was never informed that he would ever have to be required to register.  And since he was unaware of that requirement,
it=s additional punishment that he should be required to
register and his plea was involuntary. . . . 

 

Regardless, because we do not find any merit in
appellant=s constitutional claims, we assume without deciding,
that appellant did not waive his complaints at the trial court level.  





[5]  Appellant
argues that the Rodriguez case was wrongly decided and should be
reexamined in light of the United States Supreme Court=s decision in Smith v. Doe, 538 U.S. 84
(2003).  In Ex Parte Robinson,
decided seven months after Smith, the Court of Criminal Appeals
reaffirmed its Rodriquez opinion and held the SORP is non-punitive in
intent and effect.  Ex Parte Robinson,
116 S.W.3d 794, 797B98 (Tex. Crim. App. 2003).  





[6]  In Ex Parte
Robinson, appellant argued that the SORP amounted to cruel and unusual
punishment.  80 S.W.3d at 712.  The Court of Criminal Appeals affirmed the First Court of
Appeals=s holding that the purpose of the
SORP was non-punitive; therefore, with no punishment, there could be no cruel
and unusual punishment.  Robinson,
116 S.W.3d at 797B98.