

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00266-CV

ALBERT V. JESSEP, APPELLANT

V.

POTTER COUNTY COMMUNITY SUPERVISION
AND CORRECTIONS DEPARTMENT, APPELLEE

On Appeal from the County Court at Law No. 1
Potter County, Texas
Trial Court No. 101404-1, Honorable W. F. (Corky) Roberts, Presiding

June 23, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Albert V. Jessep, appearing *pro se*, sued appellee Potter County Community Supervision and Corrections Department (CSCD) for declaratory relief and damages in Potter County Court at Law Number One.[1]  The court sustained CSCD's

---

[1] Whether Jessep sued the proper defendant was not raised in the trial court or on appeal.  Because of our disposition of his appeal, we express no opinion on the matter.

plea to the jurisdiction and dismissed the suit. Finding the trial court lacked jurisdiction, we will affirm its order.

## Background

Jessep's computer was seized by peace officers while it was being repaired at an Amarillo computer shop. The computer's hard drive contained pornographic images involving children. By two July 2005 indictments filed in the 47th District Court of Potter County, he was charged with two possession-of-child-pornography offenses.[2] In April 2006, Jessep plead guilty to each offense. The trial court deferred adjudication of guilt and placed him on community supervision for a period of five years. A condition of community supervision required that Jessep register as a sex offender.[3] He was assigned a "level two" or "moderate" sex offender risk level.[4] According to Jessep, he was released from community supervision in April 2011.

On April 22, 2013, Jessep filed the underlying lawsuit. He labeled his pleading "petition for declaratory judgment to correct plaintiff's record." Jessep contended his sex offender risk assessment was obtained by one of CSCD's probation officers using the Static-99 sex offender screening tool when the proper tool was the revised

---

[2] *See* TEX. PENAL CODE ANN. § 43.26 (West Supp. 2014).

[3] *See* TEX. CODE CRIM. PROC. ANN. art. 62.051(a) (West Supp. 2014) ("A person . . . who is required to register as a condition of . . . community supervision shall register . . . with the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days").

[4] *See* TEX. CODE CRIM. PROC. ANN. art. 62.007(c)(2) and 62.053(c) (court pronouncing sentence shall determine numeric risk level using screening tool under article 62.007).

Static-99.  According to Jessep, the Static-99 was discontinued in 2006, the year of his assessment.  The officer conducting the assessment, Jessep asserted, was permitted to infer that a party convicted of possession of child pornography also produced the images possessed.  This improper and incorrect inference, Jessep alleged, resulted in his designation as a "level-2, moderate" risk level rather than a "level-1 low" level. Jessep sought a judgment declaring the following:

a. The Community Supervision and Corrections Department is a local state-aided department responsible to the community at large bound by rules of law.

b. [The evaluating officer] is an associate of the CSCD and is/was in the employ as an assessor and evaluator of sex offender risk levels for the CSCD.

c. [The evaluating officer] was the evaluator of plaintiff's risk assessment level in 2006.

d. [The evaluating officer] was certified as an evaluator in 2000, though never re-certified as to be kept abreast of the changes to the static-99 tool that came about in 2006.

e. [The evaluating officer] improperly assessed the plaintiff's risk assessment indicating a "moderate" level when the level should have been assessed as "low."

f. [The evaluating officer] was in error to "reasonably infer" an added guilt to plaintiff's charge that simply was not ever there.

g. The Static-99 is not the assessment tool to be used when evaluating an offender charged or convicted of only a violation under the Texas Penal Code, Article [43.26], subpart (a).

In a separate paragraph under the heading "damages," Jessep alleged "suffer[ing] seven years of a corrupt and mis-identified risk level showing on a State database but available to the world and all its people for viewing that paints the plaintiff as a sex offender who, though was only charged with a non-violent and non-victim

3

oriented crime under the existing assessment tools, is still such a danger to his community and to its children that the community should use extra caution as the plaintiff is likely to re-offend at any given time." As a result of an erroneous risk assessment, Jessep alleged, his "name and reputation" were damaged "in an amount in excess of the minimum jurisdictional limit" of the county court at law.

Jessep's prayer included requests for declarations and money damages.

CSCD answered and filed a plea to the trial court's jurisdiction contending essentially that Jessep could not obtain declaratory relief in a criminal law matter and if he had a remedy it lay in the 47th District Court. Following a brief non-evidentiary hearing, the county court at law sustained CSCD's plea without stating a ground and dismissed the case.

Analysis

CSCD argues Jessep is not entitled to a declaratory judgment because a civil court cannot interfere with the operation of a criminal court by issuing a declaration of rights under a criminal statute. Jessep contends his complaint should be properly characterized a civil action, and his request for declaratory relief therefore is not inappropriate.

The subject-matter jurisdiction of a trial court may be challenged by a party's plea to the jurisdiction. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). A plea to the jurisdiction is a dilatory plea functioning "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland ISD v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000). We review de novo the ruling of a trial court on a plea to

4

the jurisdiction as the existence of jurisdiction *vel non* is a question of law. *Houston Mun. Employees Pension Sys. v. Ferrell,* 248 S.W.3d 151, 156 (Tex. 2007). When the pleadings are challenged, we consider the allegations in favor of the plaintiff to determine if the plaintiff alleged facts affirmatively demonstrating the jurisdiction of the trial court to hear the case. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004). If the pleadings affirmatively show jurisdiction is lacking, a plea to the jurisdiction may be granted without affording the plaintiff an opportunity to amend. *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex. 2002).

A person required to register as a sex offender under Chapter 62 of the Texas Code of Criminal Procedure is classified according to one of three risk levels based on the danger the person is considered to present to the community and the likelihood of recidivism. *Garrett v. Tex. Dept. of Pub. Safety,* No. 03-04-00661-CV, 2007 Tex. App. LEXIS 3856, at *5-6 (Tex. App.—Austin May 17, 2007, no pet.) (mem. op.). A "risk assessment review committee," established by the Texas Department of Criminal Justice develops or selects from among existing tools a "sex offender screening tool" for determining the risk level of a registrant. TEX. CODE CRIM. PROC. ANN. art. 62.007(a), (b)(1) (West 2006). The screening tool "must use an objective point system under which a person is assigned a designated number of points for each of various factors." TEX. CODE CRIM. PROC. ANN. art. 62.007(c).

When a sex-offender registrant receives an order of community supervision, the court pronouncing the sentence must determine the person's numeric risk level using the sex offender screening tool developed or selected under Article 62.007, assign the person a numeric risk level of one, two, or three, and ensure that the prerelease

5

notification and registration requirements are conducted on the day of sentencing. TEX. CODE CRIM. PROC. ANN. art. 62.053(c) (West Supp. 2014). A court may override an assigned risk level only if it "believes that the risk level assessed is not an accurate prediction of the risk the offender poses to the community" and "documents the reasons for the override in the offender's case file." TEX. CODE CRIM. PROC. ANN. art. 62.007(d); *see Garrett,* 2007 Tex. App. LEXIS 3856, at *17 (citing former article 62.035(d) now article 62.007(d)).

As a general rule, a party may not obtain a judicial construction of a penal law through a declaratory judgment action. *Ryan v. Rosenthal,* 314 S.W.3d 136, 141 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (citing *Passel v. Fort Worth Indep. Sch. Dist.,* 440 S.W.2d 61, 63 (Tex. 1969) ("It is well settled that courts of equity will not interfere with the ordinary enforcement of a criminal statute unless the statute is unconstitutional and its enforcement will result in irreparable injury to vested property rights")); *see State v. Morales,* 869 S.W.2d 941, 947 (Tex. 1994) ("A civil court simply has no jurisdiction to render naked declarations of rights, status or other legal relationships arising under a penal statute" (quotation marks omitted)).

But Jessep's complaint concerns a status created under Chapter 62, a body of law courts have viewed as civil and remedial in nature. *See Rodriguez v. State,* 93 S.W.3d 60, 79 (Tex. Crim. App. 2002) (upholding constitutionality of 1997 amendments to sex-offender registration statute because they were civil and remedial in nature, not so punitive as to categorize them as penal in nature); *Hernandez v. State,* No. 04-04-00020-CR, 2004 Tex. App. LEXIS 4907, at *3 (Tex. App.—San Antonio June 2, 2004, no pet.) (mem. op.) ("Chapter 62 of the Code of Criminal Procedure is essentially

6

regulatory in nature, not punitive"); *Ex parte Robinson,* 116 S.W.3d 794, 798 (Tex. Crim. App. 2003) ("[T]he 1999 version of the [sex offender registration program], like the 1997 version, is non-punitive in both intent and effect"); *Reynolds v. State,* 385 S.W.3d 93, 100 (Tex. App.—Waco 2012)*, aff'd,* 423 S.W.3d 377 (Tex. Crim. App. 2014) ("The 2005 amendments to the registration statute were enacted specifically to address concerns that, because the registration program had been amended numerous times since its enactment, it had become cumbersome and difficult to manage. . . . Reorganizing and amending chapter 62 to make it more easily understood by persons required to administer it would then presumably further the registration program's original purpose—to promote public safety"). Thus, we do not believe in every instance a threshold jurisdictional bar automatically precludes a litigant's use of declaratory relief to challenge a sex-offender risk classification*. See Garrett,* 2007 Tex. App. Lexis 3856, at *11, 15-19 (finding plaintiff's request for declaratory relief challenging sex-offender classification was an improper collateral attack which should properly have been raised in the criminal proceeding, but not finding trial court lacked jurisdiction to entertain claim).

But CSCD also argues the county court at law lacks jurisdiction over Jessep's suit because a challenge of his sex offender risk level lies exclusively in the court where the obligation to register originated. With this assertion, we agree.

A declaratory judgment action under the Texas Uniform Declaratory Judgments Act (UDJA)[5] is merely a procedural device for deciding cases already within a court's jurisdiction. *Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 444

---

[5] TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001-.011 (West 2015).

(Tex. 1993). "A litigant's request for declaratory relief cannot confer jurisdiction on the court, nor can it change the basic character of a suit." *Morales,* 869 S.W.2d at 947.

A trial court's exercise of jurisdiction over a declaratory judgment claim requires "a justiciable controversy as to the rights and status of parties actually before the court for adjudication, and the declaration sought must actually resolve the controversy." *Brooks v. Northglen Ass'n,* 141 S.W.3d 158, 163-64 (Tex. 2004). "A justiciable controversy is one in which a real and substantial controversy exists involving a genuine conflict of tangible interests and not merely a theoretical dispute." *Texas Dep't of Pub. Safety v. Moore,* 985 S.W.2d 149, 153 (Tex. App.—Austin 1998, no pet.). Absent a case or controversy, a trial court's declaration constitutes no more than a prohibited advisory opinion. *Brooks,* 141 S.W.3d at 164.

An advisory opinion decides "abstract questions of law without binding the parties." *Brown v. Todd,* 53 S.W.3d 297, 302 (Tex. 2001). Texas courts have no jurisdiction to issue advisory opinions. *See, e.g., Speer v. Presbyterian Children's Home & Serv. Agency,* 847 S.W.2d 227, 229 (Tex. 1993); TEX. CONST. art. II, § 1. "Under [the separation of powers] doctrine, governmental authority vested in one department of government cannot be exercised by another department unless expressly permitted by the constitution. Thus [the separation of powers article] prohibit[s] courts from issuing advisory opinions because such is the function of the executive rather than the judicial department." *Texas Ass'n of Business,* 852 S.W.2d at 444.

Here Jessep does not show us, nor can we envision, how the declarations requested of the county court at law could terminate the controversy alleged. Rather, if

8

a remedy for Jessep's complaint exists at all, it lies in the sentencing court which could override a risk level derived from the "sex offender screening tool" if it believed "the risk level assessed is not an accurate prediction of the risk the offender poses to the community." *Garrett,* 2007 Tex. App. Lexis 3856, at *17 (discussing article 62.035(d) the statutory predecessor of article 62.007(d));[6] TEX. CODE CRIM. PROC. ANN. art. 62.053 (court pronouncing sentence shall determine a person's numeric risk level using the sex offender screening tool developed or selected under article 62.007). Because the 47th District Court, as the sentencing court, has "ultimate control" over Jessep's risk classification, *see Garrett,* 2007 Tex. App. LEXIS, at *18, a declaratory judgment by the county court at law affecting Jessep's sex-offender risk level would be no more than advisory.

Essential also to Jessep's claim for damages is a finding that CSCD's misfeasance or malfeasance caused the allegedly erroneous risk level determination. As stated, the court empowered to make the risk-level override is the 47th District Court. Allowing the county court at law, or any court other than the 47th District Court, to make that determination as part of a tort suit would improperly cede authority intended for the original sentencing court. *Cf. Heck v. Humphrey,* 512 U.S. 477, 486, 481-482, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) (noting "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments[,]" and holding that where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction," a 42 U.S.C. § 1983 action will

---

[6] The current requirements for overriding a risk level are identical to those of former article 62.035(d). *See* Acts May 26, 2006, 79th Leg., R.S., ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3385, 3398 (redesignated and amended 2005) (current version at TEX. CODE CRIM. PROC. ANN. art. 62.007).

9

not lie "unless . . . the conviction or sentence has already been invalidated"). In other words, we do not believe it possible for Jessep to establish the injury in tort he alleges without proving the inaccuracy of his sex-offender risk level assessment. And we have stated our agreement with CSCD's position that the matter must be addressed if at all by the 47th District Court.

## Conclusion

We overrule Jessep's issue on appeal. Because repleading will not cure Jessep's jurisdictional defect, we affirm the order of the trial court.


James T. Campbell
Justice


Quinn, C.J., concurring with the majority opinion that the cause should have been initiated in the 47th Judicial District Court.