

# Fourth Court of Appeals
## San Antonio, Texas

## DISSENTING OPINION

No. 04-24-00819-CR

Carlos Zepeda **GONZALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 454th Judicial District Court, Medina County, Texas
Trial Court No. 21-05-14059-CR
Honorable Daniel J. Kindred, Judge Presiding

Opinion by:　H. Todd McCray, Justice
Dissenting Opinion by: Velia J. Meza, Justice

Sitting:　　　Rebeca C. Martinez, Chief Justice
　　　　　　　H. Todd McCray, Justice
　　　　　　　Velia J. Meza, Justice

Delivered and Filed: April 22, 2026

I join the court's judgment as to the ultimate disposition of the appellate issues. But I respectfully dissent from the court's decision because I would abate and remand to the trial court to clarify its findings and, if necessary, reform its written judgment.

Too often, what a judge says in open court and what appears in the written judgment drift apart. Under Texas law, a conviction for online solicitation of a minor is a reportable conviction under Chapter 62 of the Code of Criminal Procedure, and the judgment must reflect that the

Chapter 62 registration requirement applies and state the victim's age. TEX. CODE CRIM. PROC. art. 62.001(5)(J); *id*. art. 42.01, § 1(27). Yet current law does not require the trial court to orally pronounce that registration finding in open court, even though the sentence itself must be pronounced in the defendant's presence. *Id.* art. 42.03, § 1(a). As this case shows, that mismatch breeds uncertainty in a system that depends on transparent, on-the-record adjudications.

The Legislature is uniquely positioned to correct this gap. By amending the Code of Criminal Procedure to align the oral-pronouncement requirements with the written-judgment requirements, the Legislature could ensure that defendants, trial courts, and reviewing courts all operate under a single, coherent set of rules. Clarifying when and how Chapter 62 findings must be pronounced and incorporated into the judgment would reduce avoidable error, provide clearer guidance to trial judges, and spare litigants and courts from recurring disputes over form rather than substance.

The need for clarity is not merely procedural. Inaccuracies or inconsistencies between the oral pronouncement and the written judgment can have real public-safety consequences: if a judgment is incorrect or incomplete, the community may not receive accurate notice regarding the status of an individual required to register as a sex offender. Agencies responsible for supervision and notification rely on the face of the judgment and have no authority to rewrite it. A clear statutory scheme that ties mandatory Chapter 62 findings to an on-the-record pronouncement would help ensure that the information on which law-enforcement agencies and the public rely is accurate, timely, and worthy of the confidence Texans place in the criminal justice system.

As the majority notes, an appellate court may reform a judgment to make the record speak the truth, and we have a duty to do so whether or not either party requests a correction or preserves the issue below. *See, e.g.*, *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); *Ex*

*parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). That principle reflects a practical reality: criminal judgments are typically prepared by clerks, seldom reviewed by the parties, and often first examined only after the trial court has lost jurisdiction, when self-correction is no longer possible. Within that context, our task is to ensure that the judgment accurately reflects what the record shows and conforms to the governing law. *See Madding*, 70 S.W.3d at 136–37.

## 1    The written judgment conflicts with the oral pronouncement.

Gonzales was convicted of online solicitation of a minor. *See* TEX. PENAL CODE § 33.021. The judgment of conviction includes a checkbox beside the statement: "Defendant is required to register as a sex offender in accordance with Chapter 62, Tex. Code Crim. Proc.," but that box is left unchecked, even though the judgment recites for registration purposes that the victim was "15 years old." Yet the trial court never advised Gonzales of his duty to register or made findings about the victim's age on the record.

As a reviewing court, our duty is to ensure that the judgment accurately reflects both the law and the trial court's oral pronouncement, even when the parties fail to raise the issue. *Thompson*, 108 S.W.3d at 290; *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). If these were the only defects in the judgment, I would not write separately. But the revocation hearing reveals additional errors and omissions that, in my view, warrant abating and remanding to allow the trial court to clarify its rulings.

This case illustrates a systemic problem in how findings are handled at sentencing. Courts have repeatedly held that sex-offender registration is not punishment and thus need not be orally pronounced as part of the sentence. *See Ex parte Robinson,* 116 S.W.3d 794, 798 (Tex .Crim. App. 2003). Yet the judgment must still include Chapter 62 findings, which are often neither spoken nor

reflected in a clear record. The result is a recurring gap between what the law demands and what the trial court delivers. It is time to close that gap.

The oral-pronouncement rule should extend to Chapter 62 notifications—not because registration is punitive, but because it is a mandatory legal consequence that must appear in the judgment and should be conveyed to the defendant in open court. Requiring oral pronouncement would promote accuracy, transparency, and meaningful appellate review. *Cf. Columbus v. State*, No. 04-22-00619-CR, 2025 WL 1789182, at *1 (Tex. App.—San Antonio June 30, 2025, pet. granted) (Valenzuela, J., concurring) (inviting the Court of Criminal Appeals of Texas to provide clarity on when affirmative findings must be orally pronounced).

## 2    The conflict is irreconcilable.

At the sentencing hearing, the court orally pronounced a nine-year term of imprisonment, a $5,000 fine, court costs of $1,110 (the written judgment reflects $50), attorney's fees of $520 (omitted entirely from the judgment), and addressed credit for time served. When the State requested "a finding under 42A, formerly 3G," the court immediately responded, "Okay," then, "Right. If that's what it is, which I'm aware that it is," and later confirmed, "Yeah, formerly 3G," before telling the defendant, "That is just the sentencing considerations, Mr. Gonzales." These statements are not equivocal; they demonstrate that the trial court accepted the State's request, believed the finding applied, and orally imposed it.

Online solicitation of a minor has never been designated a 3g or 42A.054 offense.[1] *See* TEX. CODE CRIM. PROC. art. 42A.054; TEX. PENAL CODE § 33.021. The defect here is not limited

---

[1] Former article 42.12 § 3g(a)(1) (now article 42A.054) lists specific offenses that qualify as "3g" (now "aggravated") offenses, including murder, aggravated kidnapping, continuous sexual abuse, indecency with a child, sexual assault, aggravated sexual assault, and aggravated robbery. *See* TEX. CODE CRIM. PROC. art 42A.054(a)(1).

to whether Chapter 62 findings must be orally pronounced; it is that the court orally imposed an unauthorized 42A.054 consequence while the written judgment omits that finding and fails clearly to reflect the mandatory Chapter 62 consequences.

The written judgment displays unchecked boxes, inconsistent recitations, and omissions that cannot be squared with the oral pronouncement, and the only affirmative finding the court appeared to make on the record—the State's request for a "3g" or 42A.054 finding—is legally inapplicable to online solicitation of a minor and is absent from the written judgment. A judgment cannot silently correct an unlawful oral pronouncement, nor can it omit a mandatory statutory requirement simply because the parties failed to raise the issue. The oral pronouncement of the sentence controls when it conflicts with the written judgment, and here the oral pronouncement appears to be beyond the court's authority, while the written judgment reflects neither what the law requires nor what the court actually said. *See Coffey*, 979 S.W.2d at 328. Faced with an unclear oral pronouncement and a conflicting written judgment, I do not believe we have a sound basis to reform the judgment. *See Thompson*, 108 S.W.3d at 290.

Allowing these irreconcilable findings to stand—unexamined and uncorrected—undermines the integrity of the sentencing process and leaves criminal defendants subject to consequences the law does not permit. A judgment does not stop at the courthouse door. It is transmitted to probation departments, parole authorities, classification units, jail administrators, treatment providers, and every agency that relies on the accuracy of judicial findings to determine a defendant's status and obligations. Those agencies treat judicial findings as valid because they have no authority to question them. As a former criminal district court judge, I know how far these errors travel and how difficult they are to unwind once they leave the courtroom. That is why our

role as a reviewing court is so critical: we must ensure that the judgment is lawful so that it does not wreak irreversible damage.

Abating the appeal and allowing the trial court to withdraw the inapplicable findings and to make any required statutory findings on the record is, in my view, the only way to ensure that the judgment we review—and the judgment every downstream agency receives—is accurate, lawful, and capable of supporting meaningful appellate review. Once the court makes the necessary determinations—or declines to make findings it cannot lawfully make—we may properly address the appellate issues. Because the majority chooses a different path, I respectfully dissent.

Velia J. Meza, Justice