# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00296-CR

**Juan Victor Aguirre, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-02-613, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## O P I N I O N

Pursuant to a plea agreement, Juan Victor Aguirre pled guilty to the offense of sexual assault. Tex. Pen. Code Ann. § 22.011(a)(2)(A) (West Supp. 2004). The trial court deferred adjudication and ordered community supervision for a period of ten years. As a result of his plea of guilty to a sexually violent offense, Aguirre is required to register as a sex offender for the rest of his life. Tex. Code Crim. Proc. Ann. art. 62.12 (West Supp. 2004). Aguirre reserved the right to appeal the registration requirement in his plea agreement and now raises a single issue contending that the statute requiring him to register as a sex offender violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. We affirm the district court's order.

Because Aguirre pled guilty and only challenges the constitutionality of the statute, we will not recite the facts of the offense. Aguirre pled guilty to the sexual assault of a sixteen-year-old girl. He was twenty-four years old at the time of the offense. Consent is irrelevant to culpability when the victim is under the age of seventeen. Tex. Pen. Code Ann. § 22.011 (a)(2)(A) (West Supp. 2004). Prior to the plea, Aguirre filed a motion to quash the sexual offender registration requirement on the basis that it violated the United States Constitution. The trial court denied Aguirre's motion to quash and certified his right to appeal.

The Texas registration scheme that Aguirre challenges is rigorous. Under the statute, a sex offender must register in person with local law enforcement of the county or municipality in which the offender resides. Tex. Code Crim. Proc. Ann. art. 62.02 (West Supp. 2004). Registrants must provide: (1) their name, each alias, date of birth, sex, race, height, weight, eye color, hair color, social security number, driver's license number, home address and shoe size, (2) a color photograph and complete set of fingerprints, (3) the type of offense committed, age of victim, date of conviction and the punishment received, (4) an indication as to whether the person is discharged, paroled, released on juvenile probation, community supervision, or mandatory supervision, (5) an indication of any vocational or professional license held or sought, (6) an indication as to whether the person is or will be employed, carry on a vocation, or enroll as a student at a particular public or private institution of higher education in the state or another state and the address of the institution, and (7) any other information sought by the law enforcement agency. *Id.* A registered sex offender must report in person to the local law enforcement authority at least once a year to verify the accuracy of the above information. *Id.* art. 62.06 (West Supp. 2004). There are strict guidelines to follow if the

sex offender changes addresses or enrolls in school. *Id*. arts. 62.04, .064 (West Supp. 2004). A registered sex offender must renew his driver's license or state identification in person annually. *Id*. art. 62.065 (West Supp. 2004). The failure of a sex offender to comply with any requirement of the registration scheme is a felony offense. *Id*. art. 62.10(b) (West Supp. 2004).

Aguirre contends that the imposition of a lifetime registration requirement violates his right to equal protection under the law because similarly situated adults are permitted to petition the trial court for an exemption from the requirement. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (Equal Protection Clause requires all persons similarly situated to be treated alike). An exemption from the registration requirements is allowed under article 62.0105 of the Texas Code of Criminal Procedure if the registration requirement is based only on a single reportable conviction or adjudication and the court makes findings that, (1) at the time of the offense, the defendant was younger than nineteen years of age and the victim was at least thirteen years of age, and (2) the conviction is based solely on the ages of the defendant and the victim at the time of the offense. Tex Code Crim. Proc. Ann. art. 42.017 (West Supp. 2004). Aguirre asserts that this provision of the statute is constitutionally infirm because adult offenders who are less than nineteen years old are permitted to seek an exemption to the registration requirement and similarly situated older offenders are not.

When confronted with an attack on the constitutionality of a statute, we presume that the statute is valid and that the legislature has not acted unreasonably or arbitrarily. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). When social or economic legislation is at issue, states are given wide latitude and the Constitution presumes that even improvident decisions will

3

eventually be rectified by the democratic process. *City of Cleburne*, 473 U.S. at 440. The burden is on the party attacking the constitutionality of a statute to show that it violates the constitution. *Rodriguez*, 93 S.W.3d at 69.

We will uphold a statute which creates a classification among persons so long as the classification drawn is rationally related to a legitimate state interest. *City of Cleburne*, 473 U.S. at 440. This general rule does not apply to classifications based on race, alienage, or national origin. *Id*. These classifications "are so seldom relevant to the achievement of any legitimate state interest that laws grounded in such considerations are deemed to reflect prejudice and antipathy." *Id.*; *see also Casarez v. State*, 913 S.W.2d 468, 493 (Tex. Crim. App. 1995). These laws are subjected to strict scrutiny and are only sustained if the classification is tailored to serve a compelling state interest. *City of Cleburne*, 473 U.S. at 440. We afford the same strict scrutiny to laws which restrain personal rights protected by the United States Constitution. *Id*. Heightened scrutiny has also been applied to legislative classifications based on gender. These restrictions will be upheld only when they are substantially related to a legitimate state interest. *Id*. The United States Supreme Court has declined to extend heightened review to classifications based on age. *Id*.

Aguirre does not allege that we should extend heightened scrutiny to the age distinctions drawn by the sex offender registration statute or that the statute impinges on a constitutionally protected right. Rather, he contends that there is no rational basis for the statute to allow adults under the age of nineteen to petition for exemption from registration when similarly situated adults like himself are deprived of this right. Aguirre's argument draws some support in the recent concurring opinion by Justice Souter inviting a challenge to a similar Connecticut statute on

4

equal protection grounds. *See Connecticut Dep't of Pub. Safety v. John Doe*, 123 S. Ct. 1160, 1166 (2003) (Souter, J., concurring). In *Connecticut Department of Public Safety*, the United States Supreme Court held that a similar lifetime sex offender registration requirement enacted in Connecticut did not violate the due process clause of the United States Constitution. *See id.* at 1165. In a concurring opinion, Justice Souter, joined by Justice Ginsburg, discussed a provision in the Connecticut statute allowing an exemption for sex offenders younger than nineteen under circumstances identical to the Texas statute:

> The line drawn by the legislature between offenders who are sensibly considered eligible to seek discretionary relief from the courts and those who are not is, like all legislative choices affecting individual rights, open to challenge under the equal protection clause. The refusal to allow even the possibility of relief to, say, a 19-year-old who has consensual intercourse with a minor aged 16 is therefore a reviewable legislative determination. Today's case is no occasion to speak either to the possible merits of such a challenge or the standard of scrutiny that might be in order when considering it. I merely note that the Court's rejection of respondents' procedural due process claim does not immunize publication schemes like Connecticut's from an equal protection challenge.

*Id.* at 1166 (citation omitted). Aguirre's present constitutional challenge relies on the same grounds recognized by Justice Souter in his concurrence. No Texas court has considered whether article 62.0105, which permits only sex offenders under the age of nineteen to petition the court for an exemption to the registration requirements, violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

Under the rational basis test, similarly situated individuals must be treated equally unless there is a rational basis for not doing so. *Whitworth v. Bynum*, 699 S.W.2d 194, 197 (Tex. 1985); *Mauldin v. State Bd. of Plumbing Exam'rs*, 94 S.W.3d 867, 873 (Tex. App.—Austin 2002,

5

no pet.).  We will uphold a law creating a classification if there is "any reasonably conceivable state of facts that could provide a rational basis for the classification."  *See Federal Communications Comm'n v. Beach Communications, Inc.*, 508 U.S. 307, 313-14 (1993); *Mauldin*, 94 S.W.3d at 873.  Where there are plausible reasons for legislative action, our inquiry is at an end.  *Beach Communications, Inc.*, 508 U.S. at 313-314.  In fact, the party challenging the legislative classification has the burden of negating every conceivable basis which might support it.  *Id*. at 315.

Aguirre cites an opinion by the Alabama Court of Criminal Appeals in which the court held that a portion of Alabama's sex offender registration statute that treated similarly situated adult and juvenile sex offenders differently violated the Equal Protection Clause.  *See State v. C.M., C.D.M. & S.D.*, 746 So.2d 410, 415 (Ala. Crim. App. 1999).  The classification in *C.M.*, however, is significantly different from the one at issue in this case.  The Alabama statute prohibited registered sex offenders from living with minors at the same residence or within 1000 feet of a child care facility.  *Id*. at 414.  An exception was made for parents who were living with their own children so long as the child was not the victim of the offense.  *Id*.  The appellants were juvenile sex offenders who could not return to their parents' homes because they would be residing with minor siblings or because their parents lived within 1000 feet of a child care facility.  *Id.* at 412.  The appellants argued that the statute violated their rights under the Equal Protection Clause because it limited their residency when similarly situated adult offenders were permitted to return home.  *Id*. at 415.  The Alabama court held that there was no rational basis to allow adult sex offenders to live at home with their children, but force parents of juvenile sex offenders to choose which of their own children will live at home.  *Id.*

6

Aguirre's complaint is factually distinguishable from the issue before the Alabama Court of Criminal Appeals. The appellants in *C.M.* did not challenge the registration requirement, but only the restriction on their residency. The challenged distinctions between older and teenaged offenders in the Texas statute do not separate children from their families and therefore the reasoning of the Alabama court is inapposite.

In determining whether the complained-of classification in article 62.0105 violates the Equal Protection Clause, we examine the legislative intent of the statute. The general purpose of the Texas sex offender registration law is to "advance public safety objectives by facilitating law enforcement's monitoring of sex offenders and by alerting members of the public who may be in an especially vulnerable situation to take appropriate precautions which could deter or prevent further crimes." *Rodriguez*, 93 S.W.3d at 68-69 (citing *In re M.A.H.*, 20 S.W.3d 860, 863 (Tex. App.—Fort Worth 2000, no pet.)). The bill analysis of the law enacting article 62.0105 drafted by the Texas House of Representatives explains that the legislature intended to return to judges the discretionary authority to exempt certain young offenders from registration that was removed in the prior legislative session. *See* House Comm. on Pub. Safety, Bill Analysis, Tex. H.B. 2987, 77th Leg., R.S. (2001). The bill analysis states that, "it has been argued that [youthful adult offenders] involved in consensual sex were not offenders which should . . . be required to register as sex offenders." *Id*.

The Texas statute provides a discretionary exemption from lifetime sex offender registration for certain youthful offenders. As reflected in the legislative history, this distinction was not arbitrary, but can be read to take into account the generally accepted norm that teenagers are less responsible and mature than older adults. *See Johnson v. Texas*, 509 U.S. 350, 367 (1993)

7

(discussing a nineteen-year-old defendant and noting that "[a] lack of maturity and an underdeveloped sense of responsibility are found in youth more often than in adults and are more understandable among the young."). It is plausible to conclude that an older teenager who engages in consensual sex with a younger teenager will not as certainly present a danger in the future as compared to a more mature adult who engages in the same conduct.[1] Although Aguirre presented evidence of low recidivism among sex offenders as a whole, he did not present any evidence that teenaged sex offenders present as great a risk to the community as similarly situated older offenders. Therefore, we cannot conclude that the legislative decision to require lifetime registration for persons over the age of eighteen, who engage in consensual sex with teenaged minors, was an irrational one.

---

[1] We also find no constitutional infirmity in setting the age limit for a petition for exemption from the registration requirements at age eighteen rather than a more mature age which would include Aguirre. As Justice Holmes explained:

> [w]hen a legal distinction is determined, as no one doubts that it may be, between night and day, childhood and maturity, or any other extremes, a point has to be fixed or a line has to be drawn, or gradually picked out by successive decisions, to mark where the change takes place. Looked at by itself without regard to the necessity behind it the line or point seems arbitrary. It might as well or nearly as well be a little more to one side or the other. But when it is seen that a line or point there must be, and that there is no mathematical or logical way of fixing it precisely, the decision of the legislature must be accepted unless we can say that it is very wide of any reasonable mark.

*Louisville Gas Co. v. Coleman*, 277 U.S. 32, 41 (1928) (Holmes, J., dissenting).

We overrule Aguirre's only issue and affirm the trial court's order of deferred adjudication community supervision.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed:   February 5, 2004

Publish