**Gene Paul HOOKS, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 09–03–349 CR.**

Court of Appeals of Texas,
Beaumont.

Submitted June 1, 2004.

Decided Aug. 31, 2004.

Marva J. Provo, Beaumont, for Appellant.

Tom Maness, Crim. Dist. Atty., Wayln G. Thompson, Asst. Crim. Dist. Atty., Beaumont, for State.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Gene Paul Hooks appeals his conviction for failure to comply with registration requirements of a Sex Offender Registration Program. See Tex.Code Crim. Proc. Ann. arts. 62.06, 62.10 (Vernon Supp.2004). Hooks pleaded guilty, and the trial court sentenced him to two years of confinement in a state jail facility. In this plea-bargain case, the trial court certified the defendant's right of appeal for matters raised by written motion and ruled on before trial. The appellant's brief presents seven points of error.

Point of error one contends the trial court erred when it denied Hooks's motion to dismiss the indictment on ex post facto grounds. Point of error three asserts the same error as it relates to his motion to dismiss the indictment. The Court of Criminal Appeals has decided this same issue adversely to the appellant. *Rodriguez v. State*, 93 S.W.3d 60, 67–79 (Tex.Crim.App.2002). Likewise, the United States Supreme Court held another state's retroactive sex offender registration statute did not violate the Ex Post Facto Clause. See *Smith v. Doe*, 538 U.S. 84, 102–06, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003). Points of error one and three are overruled.

Point of error two argues the trial court erred when it denied Hooks's motion to dismiss the indictment on due process grounds. In his argument under this point of error, Hooks presents two complaints: (1) that he cannot qualify for an exemption under Article 62.0105 because the statute is retroactive and he has a reportable conviction; and (2) the act authorizes public notification without any preliminary determination that he poses a continuing threat to society.[1] (1) Much of

1. See Tex.Code Crim. Proc. Ann. art. 62.0105 (Vernon Supp.2004).

the argument mirrors the constitutional challenge rejected by the Court of Criminal Appeals in *Ex parte Robinson,* 116 S.W.3d 794, 796–97 (Tex.Crim.App.2003). Although Hooks tendered a general state and federal due process challenge to the entire sex offender registration statute, the particular provisions of the act that are challenged on appeal were not mentioned in the trial court. Likewise, no specific due process arguments or authorities were presented to the trial court. An objection must be made with sufficient specificity to make the trial court aware of the complaint. Tex.R.App. P. 33.1(a)(1)(A). After examining the motions and the reporter's record of the hearing on the motion, we conclude that appellant's arguments regarding Article 62.0105 and the lack of a continuing threat requirement were not raised in the court below. We hold that Hooks's general due process objection to the entire sex offender registration chapter did not preserve the specific complaints that are raised for the first time on appeal. See *Pham v. State,* 125 S.W.3d 622, 629–30 (Tex.App.-Houston [1st Dist.] 2003, pet. filed). Accordingly, we overrule point of error two.

■ Point of error four states, "Appellant contends that the signing of the sex offender registration form is violation of his fifth amendment against self incrimination." This issue was not presented to the trial court in any of Hooks's written motions. Therefore, the issue has not been preserved for appellate review. Tex. R.App. P. 25.2(a)(2), 33.1. Point of error four is overruled.

■ Point of error five urges that the trial court failed to give Hooks credit for all of the time of his pre-trial incarceration. This issue is outside the scope of this appeal. Tex.R.App. P. 25.2(a)(2). Point of error five is overruled.

Point of error six argues the evidence is insufficient to support the verdict. We note that Hooks pleaded guilty and executed a judicial confession. Regardless, the issue is outside the scope of this appeal. Tex.R.App. P. 25.2(a)(2). Point of error six is overruled.

■ Point of error seven contends the trial court erred in denying the appellant's double jeopardy motion. Hooks argues that his conviction is based solely on past crimes or convictions. The registration requirement is civil and remedial in nature and does not constitute punishment for constitutional purposes. *Rodriguez,* 93 S.W.3d at 79. Thus, the registration requirement does not violate the double jeopardy clause. See generally *Fant v. State,* 931 S.W.2d 299, 304–08 (Tex.Crim. App.1996). The criminal conduct alleged in the indictment, failing to verify registration, is not an element of indecency with a child, and conviction may be had upon the indicted offense without proof of the elements of indecency with a child. Thus, two distinct statutory provisions, as well as two distinct transactions, are involved, and the offenses are not the same offense under *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Point of error seven is overruled. The judgment is affirmed.

AFFIRMED.