11th Court of Appeals
Eastland, Texas
Opinion
 
James Harris
            Appellant
Vs.                  No. 11-03-00214-CR -- Appeal from Harris County
State of Texas
            Appellee
 
            James Harris pleaded guilty to the offense of sexual assault of a child under the age of 17. 
See TEX. PENAL CODE ANN. § 22.011(a)(2) (Vernon Supp. 2004 - 2005). Pursuant to the plea
agreement, the trial court deferred the adjudication of appellant’s guilt, placed him on community
supervision for 5 years, and ordered him to pay a fine of $300. As a result of his plea of guilty,
appellant is required to register as a sex offender for the rest of his life pursuant to TEX. CODE
CRIM. PRO. ANN. ch. 62 (Vernon Pamph. Supp. 2004 - 2005). Appellant filed a pretrial motion
attacking the constitutionality of the registration requirement as a violation of the Equal Protection
Clause of the Fourteenth Amendment. The trial court denied appellant’s motion and certified
appellant’s right to appeal that ruling. We affirm. 
            In his sole issue on appeal, appellant contends that the trial court erred in not declaring that
the statute requiring him to register as a sex offender for the rest of his life violates his right to equal
protection of the laws because the statute provides for an age-based exemption for those under the
age of 19 at the time of an offense. When appellant committed this offense, he was 21 years old and
therefore did not qualify for the exemption from registration found in Article 62.0105. 
            Article 62.02 provides that a person with a reportable conviction or adjudication must register
as a sex offender. Article 62.12(a)(1) in conjunction with Article 62.01(6), which defines the term
“[s]exually violent offense,” provides that the duty of a person to register as a sex offender when that
person has been convicted of or adjudicated for a sexually violent offense, such as a sexual assault, 
does not expire until the person dies. Article 62.0105(b) provides that a person may petition the
court for an exemption from the registration requirement if: 
(1) the person is required to register only as a result of a single reportable
conviction or adjudication, other than an adjudication of delinquent conduct; and
 
(2) the court has entered in the appropriate judgment or has filed with the
appropriate papers a statement of an affirmative finding described by Article 42.017
or Section 5(g), Article 42.12.
TEX. CODE CRIM. PRO. ANN. art. 42.12, § 5(g) (Vernon Pamph. Supp. 2004 - 2005) provides
that an affirmative finding be made in a sexual assault case where community supervision is granted
if the judge determines that: 
(1) at the time of the offense, the defendant was younger than 19 years of age
and the victim or intended victim was at least 13 years of age; and
 
(2) the charge to which the plea is entered under this section is based solely
on the ages of the defendant and the victim or intended victim at the time of the
offense.
TEX. CODE CRIM. PRO. ANN. art. 42.017 (Vernon Pamph. Supp. 2004 - 2005) provides similarly
that, upon the trial of a defendant for a sexual assault, the trial court shall enter an affirmative finding
in the judgment if the court determines that: 
(1) at the time of the offense, the defendant was younger than 19 years of age
and the victim was at least 13 years of age; and
 
(2) the conviction is based solely on the ages of the defendant and the victim
or intended victim at the time of the offense. 
            At the time of the offense in this case, the complainant was 15 years old. Appellant asserts
that the charge in this case stemmed from a sexual encounter that was consensual and that, because
the complainant was too young to legally consent, the charge was based solely on appellant’s age and
the age of the complainant. If appellant had been under the age of 19 at the time of the offense, he
could have petitioned the trial court for an exemption under Article 62.0105. 
            Appellant’s equal protection challenge is based upon the fact that similarly situated persons
could receive an exemption from the registration requirement but that, because of his age, he was
prohibited from receiving an exemption. See generally City of Cleburne, Texas v. Cleburne Living
Center, 473 U.S. 432, 439 (1985) (the Equal Protection Clause requires all persons similarly situated
to be treated alike). When confronted with a challenge to the constitutionality of a statute, we
presume that the statute is valid and that the legislature has not acted unreasonably or arbitrarily. 
Rodriguez v. State, 93 S.W.3d 60, 69 (Tex.Cr.App.2002). The burden is on the party challenging
the statute to show that it is unconstitutional. Rodriguez v. State, supra. We must uphold a statute
which creates an age-based classification among persons if the classification is rationally related to
a legitimate state interest. Kimel v. Florida Board of Regents, 528 U.S. 62, 83-84 (2000); City of
Cleburne, Texas v. Cleburne Living Center, supra at 440. Under the rational basis test, similarly
situated individuals must be treated equally unless there is a rational basis for disparate treatment. 
Whitworth v. Bynum, 699 S.W.2d 194, 197 (Tex.1985). 
            Appellant contends that there is no rational basis for the statute to allow adults under the age
of 19 to petition for an exemption from registration when similarly situated adults like himself are
deprived of this right. The Austin Court of Appeals recently addressed the issue raised by appellant
in this case and, after an extensive review of the issue, held that the age-based classification in
Article 62.0105 did not violate the Equal Protection Clause. Aguirre v. State, 127 S.W.3d 883
(Tex.App. - Austin 2004, pet’n ref’d). The court in Aguirre examined the legislative intent of the
statute and made the following observation: 
The general purpose of the Texas sex offender registration law is to “advance public
safety objectives by facilitating law enforcement’s monitoring of sex offenders and
by alerting members of the public who may be in an especially vulnerable situation
to take appropriate precautions which could deter or prevent further crimes.” 
Rodriguez, 93 S.W.3d at 68-69 (citing In re M.A.H., 20 S.W.3d 860, 863 (Tex.App.
- Fort Worth 2000, no pet.)). The bill analysis of the law enacting article 62.0105
drafted by the Texas House of Representatives explains that the legislature intended
to return to judges the discretionary authority to exempt certain young offenders from
registration that was removed in the prior legislative session. See House Comm. on
Pub. Safety, Bill Analysis, Tex. H.B. 2987, 77th Leg., R.S. (2001). The bill analysis
states that, “it has been argued that [youthful adult offenders] involved in consensual
sex were not offenders which should...be required to register as sex offenders.” Id.
 
The Texas statute provides a discretionary exemption from lifetime sex
offender registration for certain youthful offenders. As reflected in the legislative
history, this distinction was not arbitrary, but can be read to take into account the
generally accepted norm that teenagers are less responsible and mature than older
adults. See Johnson v. Texas, 509 U.S. 350, 367, 113 S.Ct. 2658, 125 L.Ed.2d 290
(1993) (discussing a nineteen-year-old defendant and noting that “[a] lack of maturity
and an underdeveloped sense of responsibility are found in youth more often than in
adults and are more understandable among the young.”). It is plausible to conclude
that an older teenager who engages in consensual sex with a younger teenager will
not as certainly present a danger in the future as compared to a more mature adult
who engages in the same conduct. 
Aguirre v. State, supra at 887. The Aguirre court concluded that there was a rational basis for “the
legislative decision to require lifetime registration for persons over the age of eighteen, who engage
in consensual sex with teenaged minors.” We agree. Appellant has failed to show that no rational
basis existed for the age-based classification that made him ineligible to petition for an exemption
from the requirement that he register as a sex offender. Consequently, we overrule appellant’s sole
issue on appeal. 
            The judgment of the trial court is affirmed. 
 
                                                                                                JIM R. WRIGHT
                                                                                                JUSTICE 
 
October 7, 2004 
Do not publish. See TEX.R.APP.P. 47.2(b). 
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.