Opinion filed August 11,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00297-CR 

                                                    __________

 

                              JOHN
THEODORE DAVIS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 238th District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR35482

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury convicted John Theodore Davis of two counts of failing to comply with the
sex offender registration requirements, and the trial court assessed punishment
at concurrent sentences of confinement for five years.  We affirm.  

            Appellant
presents four issues on appeal.  In the first issue, he argues that the trial
court erred in failing to instruct the jury on the defense of mistake of fact. 
In the second issue, appellant challenges the legal and factual sufficiency of
the evidence to support his conviction.  In the third issue, appellant asserts
that the trial court should have granted his motion for new trial after it was
revealed that one of the jurors knew appellant and one of the witnesses.  Appellant
asserts in his fourth issue that the trial court erred in refusing to dismiss
this case based upon the unconstitutionality of the sex offender registration
statute.  

In his second issue, appellant challenges the sufficiency
of the evidence regarding his intent.  We note at the outset of our analysis of
appellant’s second issue that the Texas Court of Criminal Appeals has now held in
Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App.
2010), that there is “no meaningful
distinction between the Jackson v. Virginia[1]
legal-sufficiency standard and the Clewis[2] factual-sufficiency standard”; that the Jackson v.
Virginia standard is the “only standard that a reviewing court should apply
in determining whether the evidence is sufficient to support each element of a
criminal offense that the State is required to prove beyond a reasonable doubt”;
and that “[a]ll other cases to the contrary, including Clewis, are
overruled.”  Brooks, 323 S.W.3d at 895, 902, 912 (footnotes added).  Accordingly,
a challenge to the factual sufficiency of the evidence is no longer viable.  We
also note that appellant did not have the benefit of the opinion in Brooks when
this case was briefed.  We will review appellant’s sufficiency challenge under
the legal sufficiency standard set forth in Jackson v. Virginia.  Under
this standard, we must review all of the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443
U.S. 307; Brooks, 323 S.W.3d at 899.  

Appellant
was convicted of two counts of intentionally, knowingly, or recklessly failing
to comply with the sex offender registration requirements after he failed to
report a change in the place of his employment and a change of address as
required by Tex. Code Crim. Proc. Ann.
arts. 62.051, 62.055, 62.057 (Vernon Supp. 2010).  Pursuant to Articles 62.055
and 62.057, sex offender registrants are required to report a proposed change
of address at least seven days prior to the intended change and to report an
actual change of address or a change in job status within seven days after the
change.  At trial, appellant admitted that he failed to report the changes, but
he claimed that he was mistaken about the registration requirements.  He
testified that he thought he was only supposed to register each year on his
birthday and that he was unaware of the seven-day requirements for reporting a
change of address or job status.

The
State presented evidence showing that appellant had registered with the Midland
Police Department (MPD) as a sex offender but that he had not reported the
various changes in his address and job status.  When he registered with the
MPD, appellant had signed and initialed the notification form for the sex
offender registration program, thereby acknowledging that he understood the
requirements set out therein, which included the seven-day reporting
requirements and the criminal nature of failing to comply with the requirements. 
Kristen Dutchover testified that she was employed in the records department at the
MPD and that she registered appellant and explained to him that he needed to
come in and notify the MPD of any changes.

The
jury, as the trier of fact, was the sole judge of the credibility of the
witnesses and of the weight to be given to their testimony.  Tex. Code Crim. Proc. Ann. art. 36.13
(Vernon 2007), art. 38.04 (Vernon 1979).  As such, the jury was free to believe
or disbelieve all or any part of any witness’s testimony.  Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  Based upon the evidence presented
in this case, we hold that a rational jury could have found the essential
elements of the crime beyond a reasonable doubt.  The evidence is sufficient to
show that appellant intentionally, knowingly, or recklessly failed to comply
with sex offender registration requirements regarding a change of address and a
change in job status.  Appellant’s second issue is overruled.  

In
his first issue, appellant asserts error in the trial court’s failure to
instruct the jury on his defense of mistake of fact.  Pursuant to Tex. Penal Code Ann. § 8.02(a) (Vernon
2011), “It is a defense to prosecution that the actor through mistake formed a
reasonable belief about a matter of fact if his mistaken belief negated the
kind of culpability required for commission of the offense.”  A defendant is
entitled to a jury instruction on the defensive theory of mistake of fact if it
is raised by the evidence at trial, regardless of whether that evidence is
strong, weak, unimpeached, or contradicted.  Miller v. State, 815 S.W.2d
582, 585 (Tex. Crim. App. 1991); Green v. State, 566 S.W.2d 578, 584 (Tex.
Crim. App. 1978).  The denial of a defendant’s requested instruction is not
error if the requested instruction is merely an affirmative submission of a
defensive issue that merely denies the existence of an essential element of the
offense.  Green, 566 S.W.2d at 584.  Nothing in the record indicated
that appellant was mistaken about a matter of fact.  Appellant’s testimony
indicated that he was, instead, mistaken about the provisions of the law under
which he was required to register.  Appellant’s mistake of law or ignorance
concerning the provisions of the law does not constitute a defense.  See
Tex. Penal Code Ann. § 8.03
(Vernon 2011).  Because there was no evidence raising the defense of mistake of
fact, the trial court did not err in failing to instruct the jury on that
defense.  Appellant’s first issue is overruled.  

In
his third issue, appellant contends that the trial court abused its discretion
in denying appellant’s motion for new trial.  A defendant shall be granted a
new trial when the jury has engaged in such misconduct that the defendant did
not receive a fair and impartial trial.  Tex.
R. App. P. 21.3(g).  A trial court’s ruling on a motion for new trial is
reviewed for an abuse of discretion.  Webb v. State, 232 S.W.3d 109, 112
(Tex. Crim. App. 2007).  A trial court abuses its discretion in denying a
motion for new trial only when no reasonable view of the record could support
the trial court’s ruling.  Id.  The Court of Criminal Appeals has
consistently held that “error occurs where ‘a prejudiced or biased juror is
selected without fault or lack of diligence on the part of defense counsel,
such counsel acting in good faith on the juror’s responses and having no
knowledge of their inaccuracy.’”  Gonzales v. State, 3 S.W.3d 915,
916-17 (Tex. Crim. App. 1999).  

In
his motion for new trial, appellant asserted that one of the jurors knew
appellant and one of the witnesses and that the juror had outside knowledge of
some of the facts offered into evidence at appellant’s trial.  Appellant did
not attach an affidavit to his motion for new trial, and there was no hearing
on the motion for new trial.  But, the record from appellant’s trial indicates
that, after the jury returned a guilty verdict, appellant’s attorney informed
the trial court as follows:

Your
Honor, one matter we do need to put on the record.  Sometime yesterday
afternoon, I believe that we were working on the Charge at the time,
[appellant] advised me that he might know Thomas Joseph Martin.  Mr. Martin had
a Big Dog jacket on, he said “I think I knew that guy from Big Dog [a drilling
company where appellant had worked and that was listed as appellant’s employer
on his sex offender registration form].” 

 

We
came back today after the jury had gone out after closing, he advised that that
was definitely the guy he knew at Big Dog. . . .   I went down and talked to
Mr. Martin.  If called to testify, Mr. Martin would say that he worked on one
side of the yard, [appellant] worked on the other.  He did not know really who
he was, and the fact that he knew him had no part in his verdict.  He said “the
only other thing I knew about this case was Jerry told him that he had lived
with a sex offender at one time.” . . .  [H]e said “This absolutely played no
part in my verdict,” and I will proffer that evidence, but he will come testify
that his knowledge of anything in this case had nothing to do with the
verdict.”        

 

The record from
voir dire shows that none of the prospective jurors responded when asked if
they knew appellant or “Jerome Jerry Shiner, II [sic].”  The record shows that
“Jerome Howard Tschauner, II,” who apparently goes by “Jerry,” testified at
trial.  Tschauner testified that he worked at Big Dog Drilling and that he had
allowed appellant to live with him for a while at an address other than the one
appellant had listed on his registration form.

            Based
upon the record in this case, we cannot hold that the trial court abused its
discretion in denying appellant’s motion for new trial.  Appellant presented no
affidavits or testimony in support of his motion new trial.  Nothing in the
record suggests that the juror was aware during voir dire that he knew
appellant or the prospective witness.  Appellant did not even realize that he
knew the juror until he saw the juror wearing a jacket from Big Dog Drilling.  Furthermore,
nothing in the record suggests that the juror was prejudiced or biased.  Appellant’s
third issue is overruled.  

            In
his final issue, appellant asserts that the trial court erred in failing to
grant his motion to dismiss based upon the unconstitutionality of the statutory
scheme concerning sex offender registration.  Appellant states in his brief
that he “recognizes no legal authority supporting this position.  In fact, all
relevant authority is to the contrary.”  Appellant also states that he
presented this issue only to preserve his constitutionality argument should the
statutes subsequently be declared unconstitutional.  Appellant presents no
argument or authority suggesting that the sex offender registration requirements
are unconstitutional.  The constitutionality of the sex offender registration
program has been upheld by several courts.  See Rodriguez v. State, 93
S.W.3d 60 (Tex. Crim. App. 2002); Coronado v. State, 148 S.W.3d 607
(Tex. App.—Houston [14th Dist.] 2004, no pet.); Hooks v. State, 144
S.W.3d 652 (Tex. App.—Beaumont 2004, no pet.); Aguirre v. State, 127
S.W.3d 883 (Tex. App.—Austin 2004, pet. ref’d); Reyes v. State, 119
S.W.3d 844 Tex. App.—San Antonio 2003, no pet.); Ex parte Robinson, 80
S.W.3d 709 (Tex. App.—Houston [1st Dist.] 2002), aff’d, 116 S.W.3d 794
(Tex. Crim. App. 2003).  Consequently, we overrule appellant’s fourth issue.  




 

The
judgments of the trial court are affirmed.

 

 

                                                                                    JIM
R. WRIGHT

                                                                                    CHIEF
JUSTICE

 

August 11, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[3]









[1]Jackson v. Virginia, 443 U.S. 307 (1979).

 





[2]Clewis v. State,
922 S.W.2d 126 (Tex. Crim. App. 1996). 





[3]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.