**Opinion filed August 11, 2011**



## In The

# Eleventh Court of Appeals

_____

### No. 11-09-00297-CR

_____

## JOHN THEODORE DAVIS, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR35482**

### M E M O R A N D U M   O P I N I O N

The jury convicted John Theodore Davis of two counts of failing to comply with the sex offender registration requirements, and the trial court assessed punishment at concurrent sentences of confinement for five years. We affirm.

Appellant presents four issues on appeal. In the first issue, he argues that the trial court erred in failing to instruct the jury on the defense of mistake of fact. In the second issue, appellant challenges the legal and factual sufficiency of the evidence to support his conviction. In the third issue, appellant asserts that the trial court should have granted his motion for new

trial after it was revealed that one of the jurors knew appellant and one of the witnesses. Appellant asserts in his fourth issue that the trial court erred in refusing to dismiss this case based upon the unconstitutionality of the sex offender registration statute.

In his second issue, appellant challenges the sufficiency of the evidence regarding his intent. We note at the outset of our analysis of appellant's second issue that the Texas Court of Criminal Appeals has now held in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), that there is "no meaningful distinction between the *Jackson v. Virginia*[1] legal-sufficiency standard and the *Clewis*[2] factual-sufficiency standard"; that the *Jackson v. Virginia* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt"; and that "[a]ll other cases to the contrary, including *Clewis*, are overruled." *Brooks*, 323 S.W.3d at 895, 902, 912 (footnotes added). Accordingly, a challenge to the factual sufficiency of the evidence is no longer viable. We also note that appellant did not have the benefit of the opinion in *Brooks* when this case was briefed. We will review appellant's sufficiency challenge under the legal sufficiency standard set forth in *Jackson v. Virginia*. Under this standard, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307; *Brooks*, 323 S.W.3d at 899.

Appellant was convicted of two counts of intentionally, knowingly, or recklessly failing to comply with the sex offender registration requirements after he failed to report a change in the place of his employment and a change of address as required by TEX. CODE CRIM. PROC. ANN. arts. 62.051, 62.055, 62.057 (Vernon Supp. 2010). Pursuant to Articles 62.055 and 62.057, sex offender registrants are required to report a proposed change of address at least seven days prior to the intended change and to report an actual change of address or a change in job status within seven days after the change. At trial, appellant admitted that he failed to report the changes, but he claimed that he was mistaken about the registration requirements. He testified that he thought he was only supposed to register each year on his birthday and that he was unaware of the seven-day requirements for reporting a change of address or job status.

---

[1]*Jackson v. Virginia*, 443 U.S. 307 (1979).

[2]*Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

The State presented evidence showing that appellant had registered with the Midland Police Department (MPD) as a sex offender but that he had not reported the various changes in his address and job status. When he registered with the MPD, appellant had signed and initialed the notification form for the sex offender registration program, thereby acknowledging that he understood the requirements set out therein, which included the seven-day reporting requirements and the criminal nature of failing to comply with the requirements. Kristen Dutchover testified that she was employed in the records department at the MPD and that she registered appellant and explained to him that he needed to come in and notify the MPD of any changes.

The jury, as the trier of fact, was the sole judge of the credibility of the witnesses and of the weight to be given to their testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979). As such, the jury was free to believe or disbelieve all or any part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). Based upon the evidence presented in this case, we hold that a rational jury could have found the essential elements of the crime beyond a reasonable doubt. The evidence is sufficient to show that appellant intentionally, knowingly, or recklessly failed to comply with sex offender registration requirements regarding a change of address and a change in job status. Appellant's second issue is overruled.

In his first issue, appellant asserts error in the trial court's failure to instruct the jury on his defense of mistake of fact. Pursuant to TEX. PENAL CODE ANN. § 8.02(a) (Vernon 2011), "It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." A defendant is entitled to a jury instruction on the defensive theory of mistake of fact if it is raised by the evidence at trial, regardless of whether that evidence is strong, weak, unimpeached, or contradicted. *Miller v. State*, 815 S.W.2d 582, 585 (Tex. Crim. App. 1991); *Green v. State*, 566 S.W.2d 578, 584 (Tex. Crim. App. 1978). The denial of a defendant's requested instruction is not error if the requested instruction is merely an affirmative submission of a defensive issue that merely denies the existence of an essential element of the offense. *Green*, 566 S.W.2d at 584. Nothing in the record indicated that appellant was mistaken about a matter of fact. Appellant's testimony indicated that he was, instead, mistaken about the provisions of the law under which he was required to register. Appellant's mistake of law or

ignorance concerning the provisions of the law does not constitute a defense. *See* TEX. PENAL CODE ANN. § 8.03 (Vernon 2011). Because there was no evidence raising the defense of mistake of fact, the trial court did not err in failing to instruct the jury on that defense. Appellant's first issue is overruled.

In his third issue, appellant contends that the trial court abused its discretion in denying appellant's motion for new trial. A defendant shall be granted a new trial when the jury has engaged in such misconduct that the defendant did not receive a fair and impartial trial. TEX. R. APP. P. 21.3(g). A trial court's ruling on a motion for new trial is reviewed for an abuse of discretion. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Id.* The Court of Criminal Appeals has consistently held that "error occurs where 'a prejudiced or biased juror is selected *without fault or lack of diligence on the part of defense counsel*, such counsel acting in good faith on the juror's responses and having no knowledge of their inaccuracy.'" *Gonzales v. State*, 3 S.W.3d 915, 916-17 (Tex. Crim. App. 1999).

In his motion for new trial, appellant asserted that one of the jurors knew appellant and one of the witnesses and that the juror had outside knowledge of some of the facts offered into evidence at appellant's trial. Appellant did not attach an affidavit to his motion for new trial, and there was no hearing on the motion for new trial. But, the record from appellant's trial indicates that, after the jury returned a guilty verdict, appellant's attorney informed the trial court as follows:

> Your Honor, one matter we do need to put on the record. Sometime yesterday afternoon, I believe that we were working on the Charge at the time, [appellant] advised me that he might know Thomas Joseph Martin. Mr. Martin had a Big Dog jacket on, he said "I think I knew that guy from Big Dog [a drilling company where appellant had worked and that was listed as appellant's employer on his sex offender registration form]."

> We came back today after the jury had gone out after closing, he advised that that was definitely the guy he knew at Big Dog. . . . I went down and talked to Mr. Martin. If called to testify, Mr. Martin would say that he worked on one side of the yard, [appellant] worked on the other. He did not know really who he was, and the fact that he knew him had no part in his verdict. He said "the only other thing I knew about this case was Jerry told him that he had lived with a sex offender at one time." . . . [H]e said "This absolutely played no part in my

4

verdict," and I will proffer that evidence, but he will come testify that his knowledge of anything in this case had nothing to do with the verdict."

The record from voir dire shows that none of the prospective jurors responded when asked if they knew appellant or "Jerome Jerry Shiner, II [sic]." The record shows that "Jerome Howard Tschauner, II," who apparently goes by "Jerry," testified at trial. Tschauner testified that he worked at Big Dog Drilling and that he had allowed appellant to live with him for a while at an address other than the one appellant had listed on his registration form.

Based upon the record in this case, we cannot hold that the trial court abused its discretion in denying appellant's motion for new trial. Appellant presented no affidavits or testimony in support of his motion new trial. Nothing in the record suggests that the juror was aware during voir dire that he knew appellant or the prospective witness. Appellant did not even realize that he knew the juror until he saw the juror wearing a jacket from Big Dog Drilling. Furthermore, nothing in the record suggests that the juror was prejudiced or biased. Appellant's third issue is overruled.

In his final issue, appellant asserts that the trial court erred in failing to grant his motion to dismiss based upon the unconstitutionality of the statutory scheme concerning sex offender registration. Appellant states in his brief that he "recognizes no legal authority supporting this position. In fact, all relevant authority is to the contrary." Appellant also states that he presented this issue only to preserve his constitutionality argument should the statutes subsequently be declared unconstitutional. Appellant presents no argument or authority suggesting that the sex offender registration requirements are unconstitutional. The constitutionality of the sex offender registration program has been upheld by several courts. *See Rodriguez v. State*, 93 S.W.3d 60 (Tex. Crim. App. 2002); *Coronado v. State*, 148 S.W.3d 607 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *Hooks v. State*, 144 S.W.3d 652 (Tex. App.—Beaumont 2004, no pet.); *Aguirre v. State*, 127 S.W.3d 883 (Tex. App.—Austin 2004, pet. ref'd); *Reyes v. State*, 119 S.W.3d 844 Tex. App.—San Antonio 2003, no pet.); *Ex parte Robinson*, 80 S.W.3d 709 (Tex. App.—Houston [1st Dist.] 2002), *aff'd*, 116 S.W.3d 794 (Tex. Crim. App. 2003). Consequently, we overrule appellant's fourth issue.

The judgments of the trial court are affirmed.


JIM R. WRIGHT

CHIEF JUSTICE


August 11, 2011

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Hill, J.[3]

---

[3]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.